STAMFORD TRANSIT COMPANY *v.* INTERNATIONAL
BROTHERHOOD OF TEAMSTERS LOCAL 145

BALDWIN, KING, MURPHY, MELLITZ and SHEA, Js.

Argued April 15—decided May 26, 1959

*Robert C. Bell, Jr.,* for the appellant (plaintiff).

*John A. Arcudi,* for the appellee (defendant).

MURPHY, J. The plaintiff operates a taxicab business in Stamford. In 1952, it entered into a collective bargaining agreement with the defendant union. Under the contract, all employees of the plaintiff are required to be union members, and new employees must join after thirty days of employment. The contract also provides that the company shall, when properly authorized by the union and the employee, deduct the union initiation fee, in an amount not in excess of $5 per week, and the monthly dues and remit both to the union at such times as both parties mutually agree. Article 19 of the contract provides for arbitration of grievances and disputes between the parties and of charges of discrimination. In 1956, the union increased some of the initiation fees to $75 and submitted authorization cards for deduction of $10 weekly to cover this fee. The company claims that the initiation fee and the dues charged its employees are excessive and discriminatory. By

its submission, it sought to have these matters arbitrated and, when the union refused, applied to the Superior Court for an order directing the union to proceed with arbitration. Rev. 1958, § 52-410. The court determined that what the plaintiff was seeking to arbitrate was the amount of the initiation fee and the dues and that they were not within the scope of the contract. Judgment was rendered for the defendant, and the plaintiff has appealed.

The decisive question is whether there is an arbitrable issue between the parties which falls within the terms of the submission. The amount of the initiation fee and the dues charged to members of the union are ordinarily internal affairs of the union. The company does not claim that in authorizing a deduction of $10 a week the union is exceeding the provision of the contract which requires the plaintiff to deduct only $5. Its claim is, flatly, that the amount of the initiation fee and of the dues is excessive and discriminatory. While the contract contains broad provisions for the arbitration of grievances and disputes between the company and the union, the submission fails to set out any issue that is discriminatory against the plaintiff as distinguished from one which, it claims, is discriminatory against the members of the union whom it employs. The submission fails, therefore, to submit an arbitrable issue, and the arbitration of some other issue, such as that of discrimination against the company, would not be within the terms of the submission. *Local 63, Textile Workers Union* v. *Cheney Bros.*, 141 Conn. 606, 613, 109 A.2d 240.

There is no error.

In this opinion the other judges concurred.